IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNE SAVAGLIO,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

21-cv-766-slc

---

Plaintiff Anne Savaglio seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding her not disabled within the meaning of the Social Security Act. 42 U.S.C. § 405(g). Before the court is the Commissioner's motion to dismiss this case on the ground that it is untimely. Dkt. 7. For the reasons explained below, I am granting this motion.

## OPINION

Under the social security statutes and regulations, Savaglio had 60 days from the date she received the September 28, 2021 Appeals Council's decision (*see* dkt. 8-2) in which to file her civil complaint in this court. 42 U.S.C. § 405(g) (claimant has 60 days "after the mailing to [the applicant]" to file civil action); 20 C.F.R. §§ 404.981 and 422.210(c) (both stating that 60-day period runs from time claimant receives the decision). The date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council, which did not occur in this case. 20 C.F.R. §§ 404.901, 422.210(c); *see also Frappier v. Astrue*, No. 09-cv-445-bbc, 2010 WL 1836792, at *1 (W.D. Wis. May 6, 2010) (dismissing social security complaint that was filed 15 days late).

Applying the five-day presumption, Savaglio had until December 2, 2021 to submit her complaint. Instead, she filed her complaint on December 3, 2021. Savaglio admits that she mistakenly filed her complaint one day late and explains that her attorney erred in calculating the 60-day period.

The 60-day filing requirement is a statute of limitations that must be strictly construed in the government's favor.[1] *See Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). A court may toll a statute of limitations in rare cases in which a plaintiff can show that extraordinary circumstances beyond her control existed that prevented her from filing her complaint on time. *Id.* at 480-81 (equitable tolling can apply to review of social security decisions); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256-57 (2016); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016). However, Savaglio has not argued that hers is one of the rare cases to which equitable tolling should apply. In any event, a litigant's or attorney's miscalculation of a deadline is not an extraordinary circumstance warranting equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (equitable tolling only available to habeas petitioner who is "unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own"); *Hernandez v. Kijakazi*, 2021 WL 6071455, at *3 (S.D. Ind. Nov. 18, 2021) (internal citation omitted) (even good faith errors by an attorney or client are insufficient to invoke the doctrine).

---

[1] The Commissioner's statute of limitations argument amounts to the assertion an affirmative defense. Fed. R. Civ. P. 8(c). Generally an affirmative defense cannot be raised in a motion to dismiss, but an exception exists if it is clear from the face of the complaint and any facts subject to judicial notice that the defense clearly applies. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *Rodemeier v. Berryhill*, No. 16-cv-359-wmc, 2017 WL 1215456, at *1 (W.D. Wis. Mar. 31, 2017).

Instead, Savaglio asks the court to grant her a one-day extension retroactively under Fed. R. Civ. P. 6(b)(1)(B), which provides that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Although Savaglio argues that her attorney's error should be considered excusable neglect, she fails to cite any authority holding that Rule 6(b) authorizes courts to extend statutory deadlines for filing suit. As the Commissioner points out, it is well established that "Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court," but "does not apply to time periods set out in statutes." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed.) (citing cases); *see also* 1 James William Moore, et al., *Moore's Federal Practice* § 6.06(1)(a) (3d ed.) ("Rule 6(b) does not provide any authority to extend time periods established by statute."); *Booth v. Higgins*, 2020 WL 4209061, at *5 (W.D. Va. July 22, 2020) (collecting cases) ("Rule 6(b) applies only to statutes of limitations created by court orders or the federal rules themselves; it does not apply to statutes of limitation created by state law.").

Accordingly, Savaglio's claim is time-barred.

## ORDER

IT IS ORDERED that the that defendant Kilolo Kijakazi's motion to dismiss, dkt. 7, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 13th day of April, 2022.

BY THE COURT:
/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

3